UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MICHAEL D. HOLLINGSWORTH, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:14CV1492 SNLJ |
| ACUMEN I.T., LLC, | ) | |
| Defendant. | ) | |

### MEMORANDUM

Plaintiff, pro se, brought this wrongful termination and unpaid wages lawsuit against his former employer, defendant Acumen I.T., LLC, in the Cicuit Court of St. Louis County, Missouri. Defendant removed to this Court based on diversity jurisdiction and has now moved to dismiss based on either lack of personal jurisdiction or failure to state a claim. (#5.) Plaintiff has not responded, and the time for doing so has now passed.

**I.   Background**

Plaintiff alleges that he applied for employment with the defendant through an employment agency specializing in candidates whose background is "primary and the consulting of Microsoft Dynamics GP application." Plaintiff interviewed with defendant's president and COO, Toby Stansell, and engaged in negotiation regarding defendant's hiring of plaintiff. The plaintiff and Mr. Stansell exchanged numerous emails, and, in one of those email exchanges, plaintiff disclosed to Mr. Stansell his

1

minority ownership of a company called CDM Associates, LLC.  Plaintiff signed an employment agreement with defendant.  Plaintiff alleges that less than a week after he started, Mr. Stansell questioned plaintiff regarding his ownership interest in CDM and "without warning terminated" his employment on Tuesday, August 9.  Plaintiff alleges he did not receive any compensation on the day of his dismissal.  Further, plaintiff alleges he turned down another lucrative job offer at a competitor in order to take the job with Acumen, but the other job was not available by the time Acumen terminated his employment.  Plaintiff alleges he "did not receive any monies relating to final payment until after August 30, 2013" and that he is still owed money.  Plaintiff filed his complaint on June 24, 2014, and it has two counts:  Count I is for wrongful termination, and Count II is for unpaid final wages.  Defendant removed to this Court and filed a motion to dismiss.

**II.     Legal Standard**

In a diversity action such as this one, the Court "may assume jurisdiction over the nonresident defendants only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." *Romak USA, Inc. v. Rich*, 384 F.3d 979, 984 (8th Cir. 2004).

To survive a motion to dismiss for lack of personal jurisdiction, the non-moving party need only make a prima facie showing of jurisdiction; that is, the "plaintiff must state sufficient facts in the complaint to support a reasonable inference that defendants may be subjected to jurisdiction in the forum state." *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008).

The Eight Circuit employs a five-factor test in determining whether personal jurisdiction exists, giving "significant weight" to the first three factors: (1) the nature and quality of defendant's contacts with Missouri; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of Missouri in providing a forum for its residents; and (5) the convenience of the parties. *Romak USA, Inc.*, 384 F.3d at 984 (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004)).

## III. Discussion

Defendant Acumen is a South Carolina limited liability company with its office in South Carolina, and all of its members are citizens of South Carolina or Georgia. (#1.) Plaintiff was a citizen of Missouri at the time he negotiated and accepted employment with Acumen, and he returned to Missouri immediately upon his termination from Acumen. Plaintiff's employment took place in South Carolina, and he was allegedly wrongfully terminated in South Carolina. Defendant contends that this lawsuit does not arise out of any activity that occurred in Missouri, nor does it have sufficient minimum contacts with the State of Missouri such that imposition of personal jurisdiction over defendant can satisfy due process requirements.

The Missouri Long-Arm Statute provides that jurisdiction extends to "any cause of action arising from" the "transaction of business within" or the "making of any contract" within Missouri. § 506.500.1 RSMo. Because plaintiff's brief employment with and termination by defendant occurred in South Carolina, the only possible connection defendant had with Missouri was telephone calls and email transmissions with plaintiff

3

regarding the negotiation of his employment. "The Missouri courts have liberally construed the statutory requirement of 'transacting any business' within the state for purposes of long-arm jurisdiction. … However, these cases have required some activity, directly or indirectly related to the transaction in question, on the part of the nonresident defendant in Missouri." *Scullin Steel Co. v. Nat'l Ry. Utilization Corp.*, 676 F.2d 309, 312 (8th Cir. 1982) (citing *Wooldridge v. Beech Aircraft Corp.*, 479 F. Supp. 1041, 1053 (W.D. Mo. 1979); *J. F. Pritchard & Co. v. Dow Chemical of Canada, Ltd.*, 331 F. Supp. 1215, 1218 (W.D. Mo. 1971) ("transacting any business" concept significantly broader than "doing business" concept), *aff'd*, 462 F.2d 998 (8th Cir. 1972); *American Hoechst Corp. v. Bandy Laboratories, Inc.*, 332 F. Supp. 241, 243 (W.D. Mo. 1970); *State ex rel. Farmland Industries, Inc. v. Elliott*, 560 S.W.2d 60, 62-63 (Mo. App. 1977)). Importantly, the Eighth Circuit has noted that telephone calls and use of mail does not constitute transaction of business within the state. *Id.*

As for plaintiff's Letter Agreement with defendant, it was sent via email between the parties and states it is subject to the laws of South Carolina. Defendant asserts that no representative of defendant ever traveled to Missouri as part of the contract's negotiation (or for any other reason in conjunction with the matters alleged in the complaint), and plaintiff does not contend otherwise. The Supreme Court has articulated that

> If the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot. The Court long ago rejected the notion that personal jurisdiction might turn on mechanical tests, or on conceptualistic theories of the place of contracting or of performance. Instead, we have emphasized the need for a highly realistic approach that recognizes that a contract is ordinarily but an

4

> intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction. It is these factors—prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing—that must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum.

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478-79 (1985) (internal quotations and citations omitted).[1] The mere fact that defendant contracted with an individual in Missouri does not confer jurisdiction over defendant. *See id.* Because plaintiff pleaded no facts that would show otherwise, the long-arm statute does not reach defendant in this case.

Moreover, even if the long-arm statute did confer jurisdiction over defendant, the plaintiff cannot demonstrate that personal jurisdiction over defendant in this case would be consistent with due process. "To satisfy due process a defendant must have sufficient minimum contacts with the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Romak USA*, 384 F.3d at 984 (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004)) (internal quotations omitted). The Eight Circuit employs a five-factor test in determining whether personal jurisdiction exists, giving "significant weight" to the first three factors: (1) the nature and quality of defendant's contacts with Missouri; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of Missouri in providing a forum for its residents; and (5) the convenience of the parties. *Romak*

---

[1] In addition, this Court has observed that "Missouri courts have held that telephone and mail contacts alone are not sufficient to confer a Missouri court's jurisdiction over a non-resident defendant." *Anheuser-Busch, Inc. v. All Sports Arena Amusement, Inc.*, 244 F. Supp. 2d 1015, 1018 (E.D. Mo. 2002) (collecting cases).

*USA*, 384 F.3d at 984. "Contacts are sufficient when 'defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" *Anheuser-Busch, Inc. v. All Sports Arena Amusement, Inc.*, 244 F. Supp. 2d 1015, 1018 (E.D. Mo. 2002) (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). "Furthermore, it is essential in each case that 'there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.'" *Id.* (quoting *Burger King*, 471 U.S. at 475). The Court holds that defendant here could not have reasonably anticipated being sued in Missouri in light of its contacts with Missouri --- although plaintiff and defendant communicated while plaintiff was in Missouri, and plaintiff was in Missouri while he negotiated his contract, that is the extent of defendant's "Missouri contacts." Defendant never purposefully availed itself of the benefits and protections of Missouri law. This Court does not, therefore, have personal jurisdiction over defendant. The Court need not reach defendant's argument that plaintiff failed to state a claim as a matter of law under Federal Rule of Civil Procedure 12(b)(6).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss (#5) is **GRANTED**.

Dated this 10th day of December, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE